**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 01-10912
(Summary Calendar)
_____


WENDELL T. WORSHAM,

                                        Plaintiff-Appellant,


                        versus


MINYARD FOOD STORES, INC.

                                        Defendant-Appellee.


_____

        Appeal from the United States District Court
   for the Northern District of Texas, Dallas Division
                    (3:00-CV-1182-P)
_____
                 November 7, 2001

Before HIGGINBOTHAM, WIENER and BARKSDALE, Circuit Judges.

PER CURIAM[*]:

    Plaintiff-Appellant Wendell T. Worsham, proceeding pro se,

appeals the district court's grant of summary judgment in favor of

defendant-appellee Minyard Food Stores, Inc. ("Minyard") on his

racial discrimination claims under Title VII.  Agreeing with the

result reached by the district court, we affirm.

---

    [*] Pursuant to 5th Cir. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5th Cir. R. 47.5.4.

1

# I.

## FACTS AND PROCEEDINGS

Worsham worked as a night stocker for Minyard from 1995 to 1999. During his employment there, Worsham received several warnings regarding his poor performance, irregular attendance, and attitude. His performance reviews also reflect that Worsham did not always get along with his co-workers. Worsham eventually became involved in a physical confrontation with a co-worker, for which both participants received citations from the police officer who investigated the incident. It was shortly after this occurrence that Worsham was fired by Minyard.

Subsequent to his firing, Worsham filed a charge of racial discrimination with the Equal Employment Opportunity Commission (the "EEOC"). The EEOC determined that Worsham had not presented a sufficient basis on which to proceed with an investigation. It therefore dismissed the charge and issued Worsham a right-to-sue letter.

Worsham attempted repeatedly to procure legal representation to litigate his claim on a contingent fee basis, but was unsuccessful, either because the law firms that he contacted declined to represent him or because he could not afford to pay a retainer fee. Unable to procure legal representation on his own, Worsham filed a motion for appointment of counsel. The district court referred the matter to a magistrate judge, who, after

2

assessing the legal standard for appointment of counsel, denied such relief and observed in addition that "the merits of Plaintiff's claims against Defendant are problematic in the extreme."

Undeterred, Worsham filed a suit against Minyard pro se, inartfully but apparently alleging violations of the First and Fourteenth Amendments to the United States Constitution, termination without explanation, wrongful prosecution, failure to provide a W-2 form, as well as claims under 42 U.S.C. 2000e et seq. for racial harassment, national origin discrimination, and discriminatory discharge. Minyard responded with a motion to dismiss all of Worsham's proffered causes of action for failure to state claims on which relief could be granted. The district court granted Minyard's motion as to all claims except those for racial harassment and failure to provide a W-2 form.[1]

Minyard proceeded to defend these two remaining claims by serving Worsham with a request for admissions, a request for production of documents, and a set of interrogatories. Worsham did not respond to these discovery and admission requests; instead, approximately two weeks after their filing, he filed a motion to

---

[1] Minyard as a non-governmental actor was not subject to Fourteenth and First Amendment claims. Worsham failed properly to exhaust his administrative remedies for a national origin discrimination claim. He did not allege facts sufficient to cover the elements of a malicious prosecution claim. And he did not allege that he was terminated on account of his race.

strike or dismiss all Minyard's discovery and admission requests.[2] The district court again referred Worsham's motion to the magistrate judge who denied it, stating that Worsham presented no meritorious grounds for relief.

Almost thirty days after the magistrate judge's ruling, Minyard filed a motion for summary judgment. In it, Minyard argued that Worsham had neither responded nor objected to the admission requests within the thirty days permitted by Fed. R. Civ. P. 36, so that Worsham must be deemed to have admitted the inquiries. Specifically, Minyard contended that Worsham should be deemed to have admitted that during his employment with Minyard, (1) he was never the victim of, or subjected to, any form of racial harassment, and (2) he never complained that he was the victim of, or being subjected to, any form of racial harassment.

More than thirty days after entry of the magistrate judge's ruling, Worsham filed his response to Minyard's summary judgment motion, but failed to address Minyard's assertion that he had made these two critical admissions (or any other of Minyard's requests for admission for that matter). In fact, Worsham never formally answered the discovery requests or addressed Minyard's argument.

_____

[2] The full title of Worsham's motion was "Plaintiff's Motion for Dismissal or Strike of Defendant's Motion to Produce Documents and Defendant's Request for Discovery Materials, Including Interrogatories and Request to Admit on the Grounds that Affidavits Were Made in Bad Faith and Motion Was Filed Without Counsel Conferring With Counsel (Pro Se) Plaintiff in a Good Faith Attempt To Resolve the Matter and Failed to Advise Court of Such in Body of Motion."

4

More than four months after the magistrate judge's ruling —
and thus approximately three months after Minyard filed for summary
judgment and Worsham responded — the district court granted
Minyard's summary judgment motion.  It did so based largely on the
material facts in question that Worsham, by his failure to properly
respond or object, was deemed to have admitted.  Worsham timely
appealed the district court's judgment.

## II.

## ANALYSIS

## A.  Summary Judgment in favor of Minyard

### 1.  Standard of Review

We review a grant of summary judgment de novo, applying the
same standard as the district court.[3]  A motion for summary
judgment is properly granted only if there is no genuine issue as
to any material fact.[4]  An issue is material if its resolution
could affect the outcome of the action.[5]  In deciding whether a
fact issue has been created, we must view the facts and the
inferences to be drawn therefrom in the light most favorable to the

---

[3]  Morris v. Covan World Wide Moving, Inc., 144 F.3d 377, 380
(5th Cir. 1998).

[4]  Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317,
322 (1986).

[5]  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

nonmoving party.[6]

The standard for summary judgment mirrors that for judgment as a matter of law.[7] Thus, the court must review all of the evidence in the record, but make no credibility determinations or weigh any evidence.[8] In reviewing all the evidence, the court must disregard all evidence favorable to the moving party that the jury is not required to believe, and should give credence to the evidence favoring the nonmoving party as well as that evidence supporting the moving party that is uncontradicted and unimpeached.[9]

2. Summary Judgment

Rule 36 of the Federal Rules of Civil Procedure specifies that if a party neither responds nor objects to a request for admissions within thirty days, he is deemed to have admitted the requested admissions.[10] None contends that Worsham ever responded to the requests; and the district court held that Worsham never objected to them either. On appeal, Worsham insists that his motion to strike or dismiss the discovery requests constituted an objection for purposes of Rule 36, and that the motion should have been

---

[6] See Olabisiomotosho v. City of Houston, 185 F.3d 521, 525 (5th Cir. 1999).

[7] Celotex Corp., 477 U.S. at 323.

[8] Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 150 (2000).

[9] Id. at 151.

[10] Fed. R. Civ. P. 36(a).

6

treated as such by the magistrate judge.    We may affirm the district court's ruling on grounds other than those advanced by that court.[11] Rather than attempting to determine whether Minyard's discovery requests were proper or whether Worsham's motion constituted an objection to these requests, we affirm the summary judgment of the district court without regard to the deemed admissions.

After conducting an exhaustive de novo review, we conclude that, even if we were to assume that Worsham's motion to strike or dismiss should be considered as a proper objection to Minyard's discovery request or that Worsham properly denied the facts in question, he still has not raised a genuine issue of material fact and therefore cannot withstand Minyard's summary judgment motion. To state a claim for racial harassment, Worsham bears the burden of proving that his workplace was an "objectionable environment [that was] both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so."[12] Moreover, the harassment must have been severe or pervasive and must have altered the conditions of employment, destroying Worsham's equal opportunity in

---

[11] Employers Ins. of Wassau v. Occidental Petroleum Corp., 978 F.2d 1422, 1427 (5th Cir. 1992).

[12] Faragher v. City of Boca Raton, 524 U.S. 775, 787 (1998) (citing Harris v. Forklift Sys. Inc., 510 U.S. 17, 21-22 (1993)).

the workplace.[13]  To avoid summary judgment, Worsham had to raise a genuine dispute of material fact with regards to his workplace conditions.  He failed to do so.

Worsham's evidence consists of nothing more than his own conclusional statements in his Complaint, his motions, and his responses to motions that he filed with the district court.  He has presented no affidavits or other admissible summary judgment evidence to support his naked, self-serving allegations.  Even if we were to assume further that his allegations of workplace harassment were true, Worsham has not presented any evidence (and does not even clearly allege) that the workplace harassment was based on his race.  In most instances, Worsham only alleges that he was subjected to "harassment" or "a form of harassment" by his co-workers.  Therefore, he does not clearly state a Title VII claim.

Additionally, although Worsham avers that he repeatedly complained to his supervisors about his alleged race-based harassment, he has not adduced evidence of such complaints sufficient to avoid summary judgment.  He attempts to prove that he put his supervisors on notice by highlighting calls made from his cell phone to Minyard's employee concerns hotline; however, making phone calls does not alone tend to prove that he was harassed on account of his race or that his supervisors were put on notice of

_____

[13]  Burlington Industries, Inc. v. Ellerth, 524 U.S. 742, 754 (1998); DeAngelis v. El Paso Mun. Police Officers Ass'n, 51 F.3d 591, 593 (5th Cir. 1995).

any alleged racial harassment. Moreover, Worsham's alleged workplace conditions did not amount to a constructive discharge, forcing him to quit. Rather, by his own admission, he was fired by Minyard despite his attempts to continue working. Finally, Worsham cannot rebut Minyard's proffered non-discriminatory evidence which indicates that Worsham had difficulty cooperating with his fellow employees, following directions, and arriving at work regularly and on-time.

Again, to withstand summary judgment, Worsham had to produce more than a scintilla of evidence, more than merely colorable evidence.[14] Our review of the entire record, and our consideration of the record as a whole, confirms that Worsham has not raised a genuine dispute as to whether he put his employer on notice of any alleged racial harassment or whether any adverse employment action was taken on account of his race.

**B. Other Points of Error**.

In addition to appealing the grant of summary judgment, Worsham advances several points of error including, _inter_ _alia_, summary judgment on his W-2 form claim, the denial of court-appointed counsel, and the awarding of costs to Minyard. Without exhaustively addressing each point of error raised by Worsham, suffice it that we find no reversible error in any of the district court's rulings.

---

[14] _Anderson v. Liberty Lobby, Inc._, 477 U.S. 242 (1986).

9

## III.

## CONCLUSION

For the foregoing reasons, the judgment of the district court and all of its rulings are, in all respects,

AFFIRMED.